UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07947-JLS-BFM                                             Date: October 31, 2025
Title:  Gerald Beverly v. Western Refining Retail, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:** (IN CHAMBERS)  ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 12); (2) DISMISSING DEFENDANT ABDULLAH AL MAHMOD; AND (3) DENYING AS MOOT DEFENDANT AL MAHMOD'S MOTION TO DISMISS (Doc. 13)

     Before the Court are a motion to remand filed by Plaintiff Gerald Beverly and a motion to dismiss Defendant Abdullah Al Mahmod filed by Al Mahmod.  (MTR, Doc. 12; MTD, Doc. 13.)  Defendant Western Refining Retail, LLC opposed the motion to remand.  (Corrected Opp. to MTR, Doc. 16.)  Plaintiff opposed the motion to dismiss, and Al Mahmod replied.  (Opp. to MTD, Doc. 18; Reply for MTD, Doc. 19.)  Having taken this matter under submission, and for the following reasons, the Court DENIES Plaintiff's motion to remand and DISMISSES Al Mahmod from this action, and DENIES AS MOOT Al Mahmod's motion to dismiss.

**I.     BACKGROUND**

     Plaintiff is a California resident.  (Ex. 1 to Beck Decl., Compl. ¶ 1, Doc. 1-2.)  From August 14, 2024 until May 2025, Plaintiff worked at a 7-Eleven convenience store in Malibu, California, owned by Defendant Western Refining Retail, LLC ("Western

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07947-JLS-BFM                                                        Date: October 31, 2025
Title:  Gerald Beverly v. Western Refining Retail, LLC et al

Refining"). (*Id.* ¶ 13.)  Defendant Abdullah Al Mahmod was Plaintiff's direct supervisor.[1]  (Compl. ¶ 55.)  Plaintiff worked 37 to 40-hour weeks at a rate of $18.50 per hour.  (*Id.* ¶ 4.)  Plaintiff alleges that he was deliberately misclassified as a part-time employee, resulting in the denial of benefits.  (*Id.*)  Plaintiff further alleges that Defendants "subjected Plaintiff to systemic wage and hour violations" and "unsafe working conditions," by forcing Plaintiff to work without meal or rest breaks, keeping inconsistent pay records, and requiring Plaintiff to work alone during night shifts.  (*Id.* ¶¶ 15–18.)  Additionally, Plaintiff alleges that starting in April 2025, Defendants pressured Plaintiff to resign.  (*Id.* ¶ 21.)  Plaintiff was constructively terminated in May 2025, yet Defendants have not issued formal termination paperwork and continue to list Plaintiff as an active employee.  (*Id.* ¶¶ 22–25.)

On July 11, 2025, Plaintiff filed a complaint against Western Refining and Al Mahmod in Los Angeles County Superior Court, bringing claims for (1) retaliation for opposing unlawful conduct in violation of California Labor Code § 1102.5; (2) retaliation for reporting unsafe working conditions in violation of California Labor Code § 6310; (3) constructive termination; (4) failure to provide accurate itemized wage statements in violation of California Labor Code § 226; (5) failure to provide meal periods in violation of California Labor Code § 512; (6) failure to provide rest periods in violation of California Labor Code § 226.7; (7) employee misclassification; (8) failure to pay final wages in violation of California Labor Code §§ 201, 202; (9) waiting time penalties pursuant to California Labor Code § 203; (10) negligent hiring, supervision, and retention; and (11) unfair business practices in violation of California's Unfair Competition Law.  (*Id.*)  On July 23, 2025, Plaintiff served Western Refining, and on July 24, 2025, Plaintiff served Al Mahmod.  (Ex. 3 to Beck Decl., Doc. 1-4.)

---

[1] The complaint erroneously refers to Abdullah Al Mahmod as Mohammed Dola.  (*See* Compl.; Corrected Opp. to MTR at 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07947-JLS-BFM                              Date: October 31, 2025
Title:  Gerald Beverly v. Western Refining Retail, LLC et al

Western Refining removed the action on August 22, 2025, invoking this Court's diversity jurisdiction and arguing that Al Mahmod is a fraudulently joined defendant. (NOR, Doc. 1.)  On September 19, 2025, Plaintiff filed a motion to remand, and on October 14, 2025, Western Refining opposed.  (MTR, Opp. to MTR.)  Finding that Western Refining had not provided the Court with information sufficient to determine its citizenship, the Court issued an Order to Show Cause.  (OSC, Doc. 20.)  Western Refining filed its response on October 27, 2025.  (Response to OSC, Doc. 21.)

On September 29, 2025, Al Mahmod filed a motion to dismiss Plaintiff's claims as to himself.  (MTD.)

## II. LEGAL STANDARD

A defendant may remove to federal district court an action over which the court has original jurisdiction.  28 U.S.C. § 1441(a).  However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

If the removing defendant asserts federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332, "an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b)[.]" *Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted).  However, "one exception to the requirement for complete diversity is where a non-diverse defendant has been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-07947-JLS-BFM | Date: October 31, 2025 |
| Title:  Gerald Beverly v. Western Refining Retail, LLC et al | |

fraudulently joined." *Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted). "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). That is, a fraudulently joined "sham" defendant's presence in the lawsuit is "not relevant for purposes of [determining] diversity jurisdiction." *United Comput. Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 761–62 (9th Cir. 2002).

"Fraudulent joinder is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "In the Ninth Circuit, a non-diverse defendant is deemed a [fraudulently joined] sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011) (citing *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "In other words, the case must be remanded 'unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.'" *Wilson-Condon v. Allstate Indemnity Co.*, 2011 WL 3439272, at *2 (C.D. Cal. Aug. 4, 2011) (quoting *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

Furthermore, a federal court has diversity jurisdiction over an action only if the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Under the removal procedures provided by 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, "[i]f the plaintiff contests the defendant's allegation . . . the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07947-JLS-BFM                                                Date: October 31, 2025
Title:  Gerald Beverly v. Western Refining Retail, LLC et al

### III.  ANALYSIS

    **A.  Complete Diversity**

The parties do not dispute that Plaintiff and Al Mahmod are citizens of California. (*See* Compl. ¶¶ 1, 3; NOR ¶¶ 10, 12; MTR.)  Western Refining is an LLC and provides evidence that its members, and therefore Western Refining itself, are citizens of only Texas.  (Response to OSC; Motta Decl. ¶¶ 3–7, Doc. 21-1); *see Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").  The question is therefore whether Al Mahmod is a fraudulently joined "sham defendant," as Western Refining argues, such that his citizenship should be disregarded.  (NOR ¶ 12.)

Western Refining argues that Plaintiff "has not properly stated any claim for relief" against Al Mahmod.  (*Id.*)  Of Plaintiff's eleven claims, Plaintiff brings six against only Western Refining, and Plaintiff brings five against both Western Refining and Al Mahmod.  (Compl. at 9–20.)  The claims against Al Mahmod are all pursuant to the California Labor Code for (1) failure to provide accurate itemized wage statements under § 226, (2) failure to provide meal periods under § 512, (3) failure to provide rest periods under § 226.7, (4) failure to pay final wages under §§ 201 and 202, and (5) waiting time penalties under § 203.  (*Id.*)  Plaintiff alleges that Al Mahmod, "as Plaintiff's direct supervisor," had authority over timekeeping and payroll practices and scheduling policies, and therefore "directed and enforced" the violations.  (*Id.* ¶¶ 55, 63, 71.)

Al Mahmod cannot be held liable for any of these violations.  "For individual liability to be pleaded, the employer's alleged violations must fall within the purview of Section 558.1."  *Russo v. Fed. Med. Servs., Inc.*, 744 F. Supp. 3d 914, 920 (N.D. Cal. 2024).  Section 558.1 of the California Labor Code allows for individual liability against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07947-JLS-BFM                                                              Date: October 31, 2025
Title:  Gerald Beverly v. Western Refining Retail, LLC et al

"an owner, director, officer, or managing agent of the employer," "who violates, or causes to be violated . . . Sections 203, 226, 226.7, 1193.6, 1194, or 2802." Cal. Lab. Code § 558.1.  A "managing agent" is someone who has "exercises substantial discretionary authority over decisions that ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 573 (1999).  "[S]upervisors who have no discretionary authority over decisions that ultimately determine corporate policy would not be considered managing agents even though they may have the ability to hire or fire other employees." *Id.* at 577.

      Though Al Mahmod's role as Plaintiff's "direct supervisor" suggests that he had some authority over operations within the Malibu 7-Eleven, it does not indicate that Al Mahmod was an owner, director, officer, or managing agent of Western Refining. Plaintiff's complaint alleges no facts indicating that Al Mahmod could dictate corporate policy.  And Plaintiff's motion to remand adds no facts to indicate that Al Mahmod's role extended beyond that of a supervisor and into one involving corporate decision-making. (*See* MTR.)  Plaintiff therefore cannot bring claims pursuant to the California Labor Code against Al Mahmod.  *See Gastelo v. Portables Choice Grp. LLC*, 2023 WL 7327433, at *6 (C.D. Cal. Nov. 6, 2023) (finding that the defendant, a supervisor, was fraudulently joined because she served in an operational role, rather than one involving discretionary authority, which did not support liability under Section 558.1).  Because there are no "disputed questions of fact" that, if "resolved in the plaintiff's favor," could support any of Plaintiff's claims for individual liability against Al Mahmod, Al Mahmod is DISMISSED from this action as a fraudulently joined defendant.  *Nasrawi*, 776 F. Supp. 2d at 1169.  Complete diversity of citizenship exists between the remaining parties—Plaintiff and Western Refining.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07947-JLS-BFM                                                  Date: October 31, 2025
Title:  Gerald Beverly v. Western Refining Retail, LLC et al

### B.     Amount in Controversy

Plaintiff's complaint seeks damages "including past and future lost earnings and other employment benefits, costs of seeking other employment, and damages for emotional distress, humiliation, and mental anguish," "damages for retaliation [and] constructive termination," "premium wages" for missed meal and rest periods, restitution, "reasonable attorneys' fees and costs," punitive damages, and injunctive relief.  (Compl. at 20–21.)  Aside from Plaintiff's demand for a total of $5,500 in penalties, Plaintiff does not identify the specific amount of relief sought.  (*Id.*)

Western Refining argues in its Notice of Removal that the amount in controversy exceeds $75,000.  (NOR ¶ 14.)  Because Plaintiff challenges Western Refining's estimated amount in controversy in his motion to remand, Western Refining must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 88; 28 U.S.C. § 1446(c)(2)(B).  The Court may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of the removal" to determine if Western Refining has met its burden.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks and citation omitted).

#### 1.     Meal and Break Periods

To calculate damages, Western Refining relies on Plaintiff's allegations that he was employed from August 2024 to May 2025, was scheduled to work 37 to 40-hour weeks but was regularly required to work double shifts, was subject to "systematic denial" of meal and rest periods, was paid $18.50 per hour.  (NOR ¶ 17; Compl. ¶¶ 13–15, 61, 69.)  Western Refining then estimates that Plaintiff worked 416 shifts.  (NOR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07947-JLS-BFM                                              Date: October 31, 2025
Title:  Gerald Beverly v. Western Refining Retail, LLC et al

¶ 18.)  To calculate damages for Plaintiff's meal and rest period claims, Western Refining applies a 60% violation rate to estimate 250 non-compliant shifts, amounting to $9,250 in damages (250 × $18.50 for meal claim, added to 250 × $18.50 for rest break claim).  (*Id.*)

The Court finds Western Refining's calculations to be reasonable.  Western Refining produces its estimate by relying on the facts alleged in the complaint.  Though the estimate assumes a 60% violation rate for meal and rest periods, such an assumption is reasonable in light of Plaintiff's allegations that Western Refining "consistently . . . forced Plaintiff to work through meal breaks" in a way that was "systematic and intentional," and that Western Refining "consistently . . . den[ied] Plaintiff required rest breaks" in a way that amounted to "systematic denial."  (Compl. ¶¶ 60–61, 68–69); *Alvarez v. Off. Depot, Inc.*, 2017 WL 5952181, *3 (C.D. Cal. Nov. 30, 2017) (finding that the defendant reasonably employed a 60 percent violation rate).  Plaintiff challenges Western Refining's calculations as "speculative," but Plaintiff does not identify why the calculations are incorrect or provide any evidence of his own.  (MTR at 5.)  Accordingly, Western Refining has established that Plaintiff's meal and break period claims put $9,250 in controversy.

       2.      **Lost Wages**

To calculate Plaintiff's past and future lost wages, Western Refining assumes a 40-hour work week compensated at $18.50 per hour.  (NOR ¶ 19.)  Western Refining calculates lost wages from Plaintiff's constructive termination through removal to be $8,351.43.  (*Id.*)  Western Refining additionally estimates Plaintiff's lost wages from removal through the time of trial, which it assumes will be fourteen months from the date of removal, to be $44,893.  (*Id.*)  Though Western Refining is entitled to calculate lost wages "to include all the potential relief a court may grant," including wages through the date of trial, it does not provide support for its assumption that trial will occur fourteen

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07947-JLS-BFM                                       Date: October 31, 2025
Title:  Gerald Beverly v. Western Refining Retail, LLC et al

months after removal.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018).  The Court instead assumes a trial date of one year after the date of removal.  *See Beltran v. Procare Pharmacy, LLC*, 2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020) ("When the date of a trial is not set, courts have found one year from the date of removal to be a conservative trial date estimate."); *see also Ulloa v. California Newspaper Partners*, 2021 WL 6618815, at *6 (C.D. Cal. Oct. 21, 2021) ("A projected future trial date within a year of removal has been adopted by other district courts.").  The Court therefore estimates the amount of wages in controversy from the date of removal to trial to be $38,480 (52 weeks × 40 hours per week × $18.50 per hour).  Adding that sum to $8,351.43, which represents lost wages from Plaintiff's termination to the time of removal, yields an amount in controversy of $46,831.43 for lost wages.

### 3. Total Amount in Controversy

Western Refining has established $61,581.43 of statutory damages in controversy, which is calculated by adding the amount in controversy for Plaintiff's meal and rest break violations ($9,250), the amount in controversy for lost wages ($46,831.43), and Plaintiff's demand for $5,500 in penalties.  Western Refining asserts that attorneys' fees, damages for emotional distress which could be "well above $25,000," and potential punitive damages, when added to the statutory damages amount in controversy, produce a total amount in controversy greater than $75,000.  (NOR ¶¶ 22–25.)

Western Refining further provides evidence that Plaintiff offered to settle the case for $85,000 on July 9, 2025.  (Beck Decl. ¶ 7.)  In his motion to remand, Plaintiff does not deny that he made such an offer nor that the offer properly represented the amount in controversy.  (MTR at 5.)  Rather, he argues only that the court "should not rely on privileged settlement negotiations to establish jurisdiction."  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07947-JLS-BFM                                                   Date: October 31, 2025
Title:  Gerald Beverly v. Western Refining Retail, LLC et al

However, the Ninth Circuit has determined that plaintiffs' settlement offers are admissible and relevant for the purposes of determining the amount in controversy on removal.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").  Plaintiff's settlement offer of $85,000 is a reasonable reflection of the amount in controversy because it is line with Western Refining's aforementioned estimates, and Plaintiff "could have argued that the demand was inflated and not an honest assessment of damages," but does not do so.  *Id.*  Thus, based on Western Refining's statutory damages calculations and evidence of Plaintiff's settlement offer, the Court concludes that Western Refining has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Because complete diversity exists between the parties and the amount in controversy is satisfied, the Court possesses diversity jurisdiction over this action.

### IV.     **CONCLUSION**

For the above reasons, Plaintiff's motion to remand is DENIED.  Abdullah Al Mahmod is DISMISSED from this action as a sham defendant.  Al Mahmod's motion to dismiss is therefore DENIED AS MOOT.

Initials of Deputy Clerk: kd